1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| ERIC DARNELL JOY, | No. 2:19-CV-2474-DMC-P |
|---|---|
| Plaintiff, | |
| v. | <u>ORDER</u> |
| C. KING, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because the plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following defendants: (1) C. King; (2) Knight; and (3) J. Links. See ECF No. 1, pgs. 1-2.  All defendants are Correctional Officers at Mule Creek State Prison. See id. at 2.  Plaintiff claims that Defendants violated his Eight Amendment rights by deliberately disregarding a risk to his safety.  See id. at 3-7.

Plaintiff alleges that on February 11, 2019, defendant King, labeled Plaintiff as an informant in front of other prisoners by saying "you're snitching now."  Id.  at 3. Plaintiff alleges that on February 12, 2019, Defendant King again labeled Plaintiff an informant in front of other prisoners by telling Plaintiff "you're still a snitch."  Id.  While Plaintiff states that this was done "together with Officer J. Links," see id., Plaintiff does not describe Defendant Links' alleged involvement or attribute the statement to Defendant Links. Plaintiff asked Defendant King to stop making these types of remarks because it put him in danger to which King responded, "so what; I don't like you anyway."  Id.  Plaintiff alleges that on February 15, 2019 he was "attacked" by other inmates who had heard Defendant King label Plaintiff an informant.  See id. at 4. Before being attacked, the other prisoners accused Plaintiff of informing on them.

According to Plaintiff, he brought this situation to Defendant Knight who told Plaintiff, "if you would not have drop [sic] the kite (information letter) . . . [t]his would not be happening to you." Id.  Plaintiff accused Defendant Knight of creating a dangerous environment and defendant Knight said, "what if I am; what can you do about it." Id. at 5.

/ / /

/ / /

/ / /

2

On February 16, 2019, the day after the first attack, Plaintiff was again attacked by the same inmates who accused Plaintiff of being an informant. See id.  The same inmates are alleged to be in possession of a kite, or information letter, given to them by Defendant Knight. See id.  After that attack, Defendant Knight told Plaintiff, in the presence of other inmates, that Plaintiff was the one who had written the kite. See id.

## II. DISCUSSION

Plaintiff alleges Defendants' conduct violated his rights under the Eighth Amendment by creating a risk to his safety.[1]  For the reasons discussed below, the Court finds Plaintiff states claims against Defendants Knight and King, but not Defendant Links.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

/ / /

/ / /

---

[1] Though Plaintiff's allegations also suggest that he was subject to retaliation for having submitted a "kite," Plaintiff does not allege a First Amendment violation.

1          Under these principles, prison officials have a duty to take reasonable steps to
2 protect inmates from physical abuse.  See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir.
3 1982); Farmer, 511 U.S. at 833.  Liability exists only when two requirements are met:  (1)
4 objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious
5 harm; and (2) subjectively, prison officials knew of and disregarded the risk.  See Farmer, 511
6 U.S. at 837.  The very obviousness of the risk may suffice to establish the knowledge element.
7 See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).  Prison officials are not liable,
8 however, if evidence is presented that they lacked knowledge of a safety risk.  See Farmer, 511
9 U.S. at 844.  The knowledge element does not require that the plaintiff prove that prison officials
10 know for a certainty that the inmate's safety is in danger, but it requires proof of more than a
11 mere suspicion of danger.  See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).  Finally, the
12 plaintiff must show that prison officials disregarded a risk.  Thus, where prison officials actually
13 knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk,
14 even if harm ultimately was not averted.  See Farmer, 511 U.S. at 844.

15          The Court finds Plaintiff states cognizable safety claims against Defendants King
16 and Knight.  Both defendants are alleged to have told other inmates that Plaintiff was a "snitch."
17 As a result, Plaintiff was attacked by these inmates.

18          Plaintiff does not, however, state a claim against Defendant Links because the
19 complaint contains no specific allegations as to this defendant other than the very general
20 statement that Defendant Links somehow acted "together with" Defendant King on February 12,
21 2019.  To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or
22 link between the actions of the named defendants and the alleged deprivations.  See Monell v.
23 Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person
24 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he
25 does an affirmative act, participates in another's affirmative acts, or omits to perform an act which
26 he is legally required to do that causes the deprivation of which complaint is made."  Johnson v.
27 Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the
28 involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of

Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff will be given an opportunity to amend in order to allege facts to show Defendant Links' involvement in the conduct alleged to have occurred on February 12, 2019.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

///
///
///
///

5

1      Accordingly, IT IS HEREBY ORDERED that plaintiff may file a first amended
2 complaint within 30 days of the date of service of this order.

4 Dated:  March 23, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE