IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ERIC DARNELL JOY, | No. 2:19-CV-2474-KJM-DMC-P |
|---|---|
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| C. KING, et al., | |
| Defendants. | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, ECF No. 1.

   The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because the plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

On March 23, 2021, the Court screened Plaintiff's complaint and determined that Plaintiff states a cognizable Eighth Amendment safety claim against Defendants King and Knight, but not Defendant Links.  See ECF No. 10.  As to Defendant Links, the Court stated:

> Plaintiff does not, however, state a claim against Defendant Links because the complaint contains no specific allegations as to this defendant other than the very general statement that Defendant Links somehow acted "together with" Defendant King on February 12, 2019.  To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).
> Plaintiff will be given an opportunity to amend in order to allege facts to show Defendant Links' involvement in the conduct alleged to have occurred on February 12, 2019.

ECF No. 10, pgs. 4-5.

Plaintiff was cautioned that, if no amended complaint was filed within 30 days of the Court's March 23, 2021, order, the Court would issue findings and recommendations for dismissal of Defendant Links and such orders as necessary for service on Defendants King and Knight.  To date, Plaintiff has not filed an amended complaint.

/ / /

/ / /

/ / /

/ / /

2

Based on the foregoing, the undersigned recommends that Links be dismissed as a defendant to this action which should proceed on Plaintiff's Eighth Amendment safety claim against Defendants King and Knight only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 28, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE